# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **TONY WASHINGTON,** } | |
| } | |
| **Plaintiff,** } | |
| } | |
| v. } | Case No.: 2:21-CV-1658-RDP |
| } | |
| **CITY OF ADAMSVILLE, et al.,** } | |
| } | |
| **Defendants.** } | |

## MEMORANDUM OPINION

This matter is before the court on Defendants' Motion to Dismiss. (Doc. # 9). Plaintiff has had the opportunity to respond to the Motion. (Docs. # 13). For the reasons discussed below, Defendants' Motion to Dismiss is due to be granted in part and denied in part.

**I.     Background**

Plaintiff Tony Washington is an African American male who was employed as a Sergeant with the City of Adamsville police department from approximately August 2018 until his termination on October 16, 2020. (Doc. # 1 ¶¶ 18, 19, 27). His Complaint asserts claims against the City of Adamsville, Mayor Pam Palmer, and Lt. Chris Shaw. (Doc. # 1 ¶¶ 8-11).

Plaintiff has alleged that he suffered adverse employment actions, including being investigated and terminated from his employment. (*Id*. ¶¶ 25, 27). Plaintiff has alleged that a similarly situated white employee, Lisa Clifton, who was the only white employee involved in the incident over which he was terminated, was treated more favorably than he was. (*Id*. ¶ 28). Plaintiff has also alleged that another similarly situated white employee, Beth Money, was not disciplined for a similar use of force incident. (*Id*. ¶ 29). That is, Plaintiff has alleged that Clifton and Money,

both white, were involved in similar incidents regarding the use of force at the City of Adamsville jail, and that both were treated more favorably than he was. (*Id*. ¶ 41- 42).

Plaintiff's Complaint makes no specific allegation regarding Mayor Palmer, other than to name her as a party. (Doc. # 1). The Complaint makes two allegations about Lt. Shaw: first, that "Shaw informed Plaintiff that he was under internal investigation and instructed Plaintiff to write a statement regarding the incident;" and second, that after Money punched a prisoner, "Shaw championed Money's actions and referred to her as "Rocky." (Doc. # 1 ¶¶ 25, 29, 38, 42, 52, 56, 69, 73).

Plaintiff has alleged that he filed his Charge of Discrimination with the Equal Employment Opportunity Commission on March 10, 2021. (*Id*. ¶ 14). He alleges that he was issued a Notice of Right to Sue ("NRTS") regarding his EEOC Charge on May 19, 2021. (*Id*. ¶ 15). Plaintiff does not allege when he received a copy of the NRTS, but he alleges that a copy was delivered to his former attorney, who did not inform him that it had been issued. (*Id*. ¶ 15). The NRTS itself indicates that it was issued to Plaintiff at his address in Pleasant Grove, Alabama, and that both his now-former counsel and Defendant's counsel received copies. (Doc. # 1-2 at 2). Plaintiff alleges that his current counsel received a copy of the NRTS on September 29, 2021. (*Id*. ¶ 15). Plaintiff filed his Complaint on December 14, 2021. (Doc. # 1).

**II.     Standard of Review**

The Federal Rules of Civil Procedure require that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). However, the complaint must include enough facts "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than "a formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards,

nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Id.* at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,'" the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly*, 550 U.S. at 556.

In considering a motion to dismiss, a court should "1) eliminate any allegations in the complaint that are merely legal conclusions; and 2) where there are well-pleaded factual allegations, 'assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.'" *Kivisto v. Miller, Canfield, Paddock & Stone, PLC*, 413 F. Appx. 136, 138 (11th Cir. 2011) (unpublished) (quoting *Am. Dental Assn. v. Cigna Corp.*, 605 F.3d 1283, 1290 (11th Cir. 2010)). That task is context specific and, to survive the motion, the allegations must permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Iqbal*, 556 U.S. at 679. If the court determines that well-pleaded facts, accepted as true, do not state a claim that is plausible, the claims are due to be dismissed. *Twombly*, 550 U.S. at 570.

The Eleventh Circuit has identified four types of shotgun pleadings that violate the Federal Rules of Civil Procedure:

> The [first and] most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The [second and] next most common type, at least as far as our published opinions on the subject reflect, is a complaint that does not commit the mortal sin of re-alleging all preceding counts but is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally, there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against. The unifying characteristic of all shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests.

*Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321-23 (11th Cir. 2015) (internal footnotes and page numbers omitted); *see also Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1279-80 (11th Cir. 2006).

**III.   Discussion**

Plaintiff's Complaint contains claims stated in three Counts: (1) a claim of race discrimination against the City of Adamsville alleging a violation of Title VII; (2) a claim of race discrimination against the City, Mayor Pam Palmer, and Lt. Chris Shaw alleging a violation of § 1981; and (3) a § 1983 claim that the City, Mayor Palmer, and Lt. Shaw violated his Fourteenth Amendment rights. (Doc. # 1).

In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint should be dismissed. They contend that Plaintiff (1) fails to state a cognizable race discrimination claim against the City because his Complaint contains no plausible allegations of racial discrimination; (2) fails to state any cognizable claim under § 1981 and/or § 1983 against Palmer and Shaw

4

because the Complaint fails to allege discriminatory conduct by either individual defendant; and (3) cannot pursue his § 1981 claims against Palmer and Shaw as those are barred by the doctrine of qualified immunity. (Doc. # 9).

### A.  Plaintiff's Discrimination Claims Against the City

"Title VII provides that it is unlawful for an employer to discriminate against an employee because of the employee's race." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1246 (11th Cir. 2015). "To state a race-discrimination claim under Title VII, a complaint need only 'provide enough factual matter (taken as true) to suggest intentional race discrimination.'" *Id.* (quoting *Davis v. Coca–Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008). Additionally, to establish a *prima facie* case of race discrimination under Title VII based on circumstantial evidence, a plaintiff may allege facts demonstrating that: "(1) he is a member of a protected class; (2) he was qualified for the position; (3) he suffered an adverse employment action; and (4) he was replaced by a person outside his protected class or was treated less favorably than a similarly-situated individual outside his protected class." *Smith v. CH2M Hill, Inc.*, 521 F. App'x 773, 775 (11th Cir. 2013) (citation omitted). However, as the Supreme Court has made clear:

> [T]he elements of a *McDonnell Douglas prima facie* case constitute "an evidentiary standard" for evaluating the sufficiency of a plaintiff's circumstantial proof of discrimination, "not a pleading requirement." In other words, Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the plaintiff's claim, sufficient to give the defendant fair notice of what the plaintiff's claim is, and, the grounds upon which it rests, and it does not require the plaintiff to plead a *prima facie* case of discrimination in order to survive a defendant's motion to dismiss.

*Caetio v. Spirit Coach, LLC*, 992 F. Supp. 2d 1199, 1211 (N.D. Ala. 2014) (citing *Swierkiewicz v. Sorema,* 534 U.S. 506, 510 (2002)); *see Surtain*, 789 F.3d at 1246.

Discrimination claims brought under § 1981, § 1983 (when brought as a parallel remedy for a violation of Title VII), and Title VII are subject to the same standards of proof and employ

the same analytical framework. *Bryant v. Jones*, 575 F.3d 1281, 1296 (11th Cir. 2009) (citing *Tademy v. Union Pacific Corp.*, 520 F.3d 1149, 1170 (10th Cir.2008) (citations omitted) ("The elements of a hostile work environment claim under § 1981 are the same as those under Title VII."); *Cross v. Alabama*, 49 F.3d 1490, 1507–08 (11th Cir.1995) (noting, in the context of evaluating the merits of an equal protection claim, that "[w]hen section 1983 is used as a parallel remedy for [a] violation of ... Title VII ..., the elements of the two causes of action are the same.")).

Here, Plaintiff's Complaint alleges that he is a member of a protected class (Doc. 1 ¶ 18). There does not appear to be a dispute that he was qualified for the position. He has pled that he was terminated, which is clearly an adverse employment action. And, he has adequately pled that he was treated less favorably than two similarly-situated white individuals. (*Id.* at ¶¶ 27-29).

Defendant argues that Plaintiff's claim is insufficiently pled because the alleged comparators are not similarly situated in all material respects. However, at this early stage of the litigation, the court is not tasked with determining the adequacy of Plaintiff's proposed comparators or the facts surrounding the comparators' situation. Rather, the court need only assess Plaintiff's Amended Complaint to determine if he has alleged sufficient facts that support a plausible claim of race discrimination. *See Cobb v. Marshall*, 481 F. Supp. 2d 1248, 1257 (M.D. Ala. 2007) ("In the employment discrimination context, a Title VII complaint is not subject to a Rule 12(b)(6) dismissal merely because it fails to allege all of the facts needed to support a prima facie case of discrimination.") (citation omitted). The court is satisfied that, at this stage, for purposes of his Title VII, § 1981 and § 1983 claims against the City, Plaintiff has done so.[1]

---

[1] The court recognizes that any dispute or disagreement over the sufficiency of the evidence or the adequacy of comparator evidence may be addressed at a later stage, such as in a Rule 56 motion.

        **i.**        **The Timeliness of Plaintiff's Title VII Claim**

However, although not raised by Defendant, a more fundamental problem with Plaintiff's Title VII claim is whether it was timely. In order for Plaintiff to maintain his Title VII claim against the City, he has the initial burden of establishing that he filed his Complaint within ninety days of his receipt of the EEOC's right to sue letter. *See* 42 U.S.C. § 2000e-5 (f)(1); *see also Kerr v. McDonald's Corp.*, 427 F.3d 947 (11th Cir. 2005); *Green v. Union Foundry*, 281 F.3d 1229 (11th Cir. 2002); *Santini v. Cleveland Clinic Fla.*, 232 F.3d 823 (11th Cir. 2000). "Absent evidence to the contrary, it is ordinarily presumed that a mailing is received three days after it was sent, and it is presumed to be sent on the date posted." *Hayes v. Houston Cty. Sch. Dist.*, 2022 WL 327754, at *2 (M.D. Ga. Feb. 3, 2022) (citing *Kerr v. McDonald's Corp.*, 427 F.3d 947, 953 n.9 (11th Cir. 2005)). "The presumption does not apply, however, where the plaintiff can show that receipt of the notice was delayed 'through no fault of his own.'" *Id.* (citing *Lewis v. Conners Steel Co.*, 673 F.2d 1240, 1243 (11th Cir. 1982). "This requires a plaintiff to show he 'advis[ed] the EEOC of address changes or [took] other reasonable steps to ensure delivery of the notice to his current address.'" *Id.* (citing *Lewis*, 673 F.2d at 1243). Plaintiff has not alleged that the right to sue letter was incorrectly addressed to him. Therefore, he is presumed to have received it within days after it was issued, and Plaintiff's Complaint was not filed until almost seven months after the NRTS was issued. Therefore, the Title VII claim appears to be untimely.

        **B.**        **Plaintiff's Claims Against Mayor Palmer**

Unlike the rule applicable to Title VII, individual defendants may be sued in their individual capacities and held liable for discrimination when a claim is asserted under § 1981 through § 1983. *Hicks v. City of Alabaster, Alabama*, 2013 WL 979070, at *7 (N.D. Ala. Mar. 12, 2013) (citing *Shotz v. City of Plantation, Florida*, 344 F.3d 1161, 1176 (11th Cir. 2003)). However,

"[a] claim for individual liability under Section 1981 requires an affirmative showing linking the individual defendant with the discriminatory action." *Perkins v. Kushla Water Dist.*, 21 F. Supp. 3d 1250, 1261 (S.D. Ala. 2014) (internal quotation marks omitted), *aff'd*, 598 Fed. Appx. 899 (11th Cir. 2015).

Plaintiff's Complaint makes no specific allegation regarding Mayor Palmer, other than to name her as a party. (Doc. # 1 ¶10). Although Plaintiff argues that it is "undisputed that Defendant Palmer is the final decisionmaker as it relates to Plaintiff's termination" (Doc. # 13 at 8), Plaintiff never actually makes that allegation in his Complaint. Indeed, the Complaint is devoid of any particularized allegation regarding any actions by Palmer. Because there are no allegations giving rise to the reasonable inference that Palmer participated in any challenged decision, Plaintiff's claims in Counts Two and Three under § 1981 and §1983 against Defendant Palmer are due to be dismissed for failure to state a claim. *See Simpson v. State of Alabama Dep't of Hum. Res.*, 2017 WL 514056, at *10 (N.D. Ala. Feb. 8, 2017).

    **C.**    **Plaintiff's Claims Against Lt. Shaw**

With regard to Defendant Shaw, Plaintiff has alleged that "Shaw informed Plaintiff that he was under internal investigation and instructed Plaintiff to write a statement regarding the incident." (Doc. # 1 ¶25). Plaintiff further alleges that after Money, a white female dispatcher, punched a black female prisoner, "Shaw championed Money's actions and referred to her as "Rocky." (*Id.* at ¶29). No other allegations regarding Shaw are contained within the Complaint. Neither of these allegations gives rise to the reasonable inference Shaw participated in the decision to initiate the investigation or to terminate Plaintiff's employment. Accordingly, Plaintiff has failed to state plausible race discrimination claims against Shaw. *See Simpson*, 2017 WL 514056, at *10.

### D.    Official Capacity Claims

Suits against officers in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent," not against the officer individually. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978)). Plaintiff's Complaint does not specify whether Defendants Palmer and Shaw are named in their individual or official capacities. As discussed above, the claims against them in their individual capacities are due to be dismissed for failure to state a claim. For the same reasons, any official capacity claims against them are due to be dismissed.

Moreover, claims against Palmer and Shaw in their official capacities are due to be dismissed for an additional reason. Those claims are, in effect, claims against the City. Therefore, they are duplicative and are due to be dismissed on that basis. *Kentucky*, 473 U.S. at 167-68; *see also Laroche v. Browning*, 2021 WL 3174211, at *4 (M.D. Fla. July 26, 2021); *Ginwright v. Dep't of Revenue for Alabama*, 2013 WL 1187943, at *3-4 (M.D. Ala. Mar. 21, 2013).

### E.    Qualified Immunity

Defendant has also argued that Plaintiff's claims against Palmer and Shaw should be dismissed because they are entitled to the defense of qualified immunity. "To establish a qualified immunity defense, each former official 'must first prove that he was acting within the scope of his discretionary authority when the allegedly wrongful acts occurred.'" *Garcia v. Riley*, 2021 WL 4127070, at *2 (11th Cir. Sept. 10, 2021) (quoting *Carruth v. Bentley*, 942 F.3d 1047, 1054 (11th Cir. 2019) (quotation omitted)). Frankly, there are not enough facts alleged in the Complaint from which the court can even analyze whether Palmer or Shaw were acting within their discretionary authority.

Once a defendant official shows that he was acting within the scope of his discretionary authority, the "burden then shifts to the plaintiff to overcome the defense of qualified immunity," and to do this the plaintiff must establish that the defendant violated a clearly established right. *Garcia*, 2021 WL 4127070, at *2. Here, even if there were sufficient facts to show Palmer and Shaw were acting within their discretionary authority, Plaintiff has alleged that Palmer and Shaw "violated a statutory or constitutional right" and it is clear that "the right was clearly established at the time of the challenged conduct." *See Mikko v. City of Atlanta*, 857 F.3d 1136, 1144 (11th Cir. 2017). "In this Circuit, it is 'beyond doubt' that the 'right to be free from intentional racial discrimination' is clearly established." *Garcia*, 2021 WL 4127070, at *2 (quoting *Brown v. City of Fort Lauderdale*, 923 F.2d 1474, 1478 (11th Cir. 1991)). Therefore, on this record and at this time, Defendants Palmer and Shaw cannot establish that they are entitled to the defense of qualified immunity.

**IV.    Conclusion**

For all of the foregoing reasons, Defendants' Motion to Dismiss (Doc. # 9) is due to be granted in part and denied in part. A separate order will be entered.

**DONE** and **ORDERED** this February 15, 2022.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE